

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 9, 2012

Victoria Bonilla, Esq.
Bourbeau and Bonilla
15 Broad Street
Boston, MA 02109

> Re:   U.S. v. Hong Wei
>         Criminal No. 10-10096-GAO

Dear Ms. Bonilla:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Hong Wei ("Defendant"), in the above-referenced case. Defendant also agrees to the accuracy of the attached statement of facts. The Agreement is as follows:

1. **Change of Plea**

At the earliest practicable date, Defendant shall plead guilty to Counts One, Two, and Four through Fourteen of the Indictment, Criminal No. 10-10096-GAO, charging her with conspiracy in violation of 18 U.S.C. § 371(Count One); Inducing Travel to Engage in Prostitution (Count Two); Counts Four and Five (Forced Labor); Counts Six and Seven (Harboring Aliens); and Counts Eight through Fourteen (ITAR). Defendant expressly and unequivocally admits that she committed the crimes charged in the above-mentioned counts of the Indictment, did so knowingly and willfully, and is in fact guilty of these offenses. The U.S. Attorney agrees to dismiss Count Three of the Indictment following the imposition of sentence at the sentencing hearing.

2. **Penalties**

Defendant faces the following maximum penalty on Count One of the Indictment:

incarceration for a period of five years; supervised release for a period of three years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant faces the following maximum penalty on each of Counts Two, Four and Five of the Indictment: incarceration for a period of twenty years; supervised release for a period of three years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant faces the following maximum penalty on each of Counts Six through Seven of the Indictment: incarceration for a period of ten years; supervised release for a period of three years; a fine of $250,000, or twice the gross gain/loss, whichever is greater; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant faces the following maximum penalty on each of Counts Eight through Fourteen of the Indictment: incarceration for a period of ten years; supervised release for a period of three years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

Defendant also recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms her decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court") subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

(a)  **Grouping**

The parties agree that, pursuant to USSG §3D1.2, the following counts group together: Count One (conspiracy to violate the Mann Act), Count Two (Mann Act) and Counts Eight through Fourteen (interstate travel in aid of racketeering). Furthermore, pursuant to USSG § 2G1.1(d)(1),

2

each victim of the Mann Act conspiracy is counted as a separate group. The parties stipulate and agree the offense involved at least six victims. Therefore, Counts One, Two, and Eight through Fourteen consist of six groups reflecting the six victims. Count Four (forced labor against SO) and Count Six (alien harboring of SO) group together as Group Seven. Count Five (forced labor against NH) and Count Seven (alien harboring of NH) group together as Group Eight.

(1) **Groups One Through Six - Mann Act Conspiracy and Related Counts**

    (i) The parties agree that, pursuant to USSG §2G1.1, Defendant's base offense level is 14, and that no other specific offense characteristics apply.

    (ii) The parties agree that, pursuant to USSG § 3B1.1(a), Defendant's offense level is increased by four levels because Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

    (iii) The adjusted offense level for each of Groups One through Six is 18.

(2) **Group Seven - Forced Labor and Harboring of SO**

    (i) The parties agree that, pursuant to USSG § 2H4.1(a)(1), Defendant's base offense level is 22.

    (ii) The parties agree that, pursuant to USSG § 2H4.1(b)(4)(A), Defendant's base offense level is increased by two levels because Defendant committed another felony offense (Harboring an Alien) during the commission of, or in connection with, the forced labor of SO.

    (iii) The parties agree that, pursuant to USSG §3A1.1(b)(1), Defendant's offense level is increased by two levels, because the defendant knew or should have known that the victim of the offense was a vulnerable victim.

    (iv) The parties agree that, pursuant to USSG § 3B1.1(c), Defendant's offense level is increased by two levels because Defendant was an organizer, leader, manager or supervisor of a criminal activity that neither involved five or more participants nor was otherwise extensive.

    (v) The adjusted offense level for Group Seven is 28.

(3)  **Group Eight - Forced Labor and Harboring of NH**

   (i)  The parties agree that, pursuant to USSG § 2H4.1(a)(1), Defendant's base offense level is 22.

   (ii)  The parties agree that, pursuant to USSG § 2H4.1(b)(4)(A), Defendant's base offense level is increased by two levels because Defendant committed another felony offense (Harboring an Alien) during the commission of, or in connection with, the forced labor of NH.

   (iii)  The parties agree that, pursuant to USSG §3A1.1(b)(1), Defendant's offense level is increased by two levels, because the defendant knew or should have known that the victim of the offense was a vulnerable victim.

   (iv)  The parties agree that, pursuant to USSG § 3B1.1(a), Defendant's base offense level is increased by two levels because Defendant was an organizer, leader, manager or supervisor of a criminal activity that involved fewer than five or more participants.

   (v)  The adjusted offense level for Group Eight is 28.

(4)  **Combined Offense Level**

   (i)  Groups Seven and Eight are equally serious and count as one unit each. Groups One through Six are more than eight levels less serious than the most serious groups and are disregarded. The parties therefore agree that Defendant is responsible for two Units, which result in two additional offense levels to the most serious group.

   (ii)  The parties agree that, pursuant to the USSG grouping principles, and prior to any reduction for acceptance of responsibility, Defendant's Combined Adjusted Offense Level is 30.

(b)  **Departures**

The U.S. Attorney and Defendant agree that there is no basis for a departure from the Sentencing Guidelines or for a sentence outside the Guidelines under the factors set forth in 18 U.S.C. §3553(a), except as explicitly reserved below in paragraph 4. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure from the Sentencing Guidelines or a sentence outside the Guidelines, except under the conditions explicitly set forth below. The U.S. Attorney will oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the

4

factors set forth in 18 U.S.C. ¶ 3553(a).

### (c)   Acceptance of Responsibility

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under USSG §3E1.1, for a Total Offense Level of 27 with a Sentencing Guideline range of 70-87 months and a criminal history category of I.

The U.S. Attorney specifically reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

- (1)   Fails to admit a complete factual basis for the plea;

- (2)   Fails to truthfully admit her conduct in the offenses of conviction;

- (3)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

- (4)   Fails to provide truthful information about her financial status;

- (5)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

- (6)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

- (7)   Intentionally fails to appear in Court or violates any condition of release;

- (8)   Commits a crime;

- (9)   Transfers any asset protected under any provision of this Agreement; or

- (10)  Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

    4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the Court:

    (a)    incarceration at the high end of the Sentencing Guideline range of 70 -87 months, as calculated by the parties in Paragraph 3;

    (b)    a fine within the Sentencing Guideline range as calculated by the Court at sentencing unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    three years of supervised release;

    (d)    mandatory special assessment in the amount of $1,300.00; and

    (e)    forfeiture as set forth in Paragraph 10.

Defendant agrees to recommend the following sentence:

    (a)    incarceration of 60 months, which would constitute a variance from the low end of the agreed upon Sentencing Guideline range of 70 to 87 months;

    (b)    a fine within the Sentencing Guideline range as calculated by the Court at sentencing unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    (c)    three years of supervised release;

    (d)    mandatory special assessment in the amount of $1,300.00; and

    (e)    forfeiture as set forth in Paragraph 10.

Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S.

Attorney at least twenty-one days before sentencing shall be deemed waived.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

> (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,500;

> (b) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $1,500 per month; and

> (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

### 7. Waiver of Rights to Appeal and to Bring Collateral Challenge.

> (a) Defendant has conferred with her attorney and understands that she has the right to challenge both her conviction and her sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that she may, in some circumstances, be able to argue in a future (collateral) challenge, such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241 or 18 U.S.C. §3582(c), that her conviction should be set aside or her sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

(b)     Defendant waives any right she has to challenge her conviction on direct appeal or in collateral challenge.

(c)     In exchange for the U.S. Attorney's agreement to dismiss Count Three from the Indictment, Defendant agrees not to file a direct appeal nor collaterally challenge any imprisonment sentence of 87 months or less or any orders relating to supervised release, fines, forfeiture and restitution. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this agreement.

(d)     Notwithstanding the previous subparagraphs, Defendant reserves the right to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

(e)     This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. §3742(b). Defendant expressly acknowledges that she understands the U.S. Attorney has retained all appeal rights.

8.     Other Post-sentence Events

(a)     In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or collaterally challenges her sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7.

(b)     If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, she agrees that she will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that she has been found actually factually innocent of a prior crime.   Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless she has been found actually factually innocent of that prior crime.

(c)     In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9.     Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

10.   Forfeiture

Defendant understands that the Court will, upon acceptance of her guilty plea, enter an order of forfeiture as part of her sentence, and that the order of forfeiture may include assets directly traceable to his offense, assets used to facilitate his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees that she will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that she will testify truthfully in any such proceeding. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement. Defendant agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with regard to such challenge or review.

Defendant hereby waives and releases any claims she may have to any vehicles, currency, or to her personal property seized by the United States, or seized by any state or local law

9

enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

11.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

12.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement.

13.     Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

14.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement or pursuant to the proffer letter dated October 26, 2010 without any limitation.  In this regard, Defendant hereby waives any defense to any charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

10

15.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16.     Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated October 26, 2010 (subject to Paragraph 14 above). This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Laura J. Kaplan.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By:     *Cynthia Alpuny*

JAMES F. LANG
Chief, Criminal Division
CYNTHIA A. YOUNG
Deputy Chief, Criminal Division

11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Hong Wei
Defendant
Date: 12/2/12

I certify that Hong Wei has had this Agreement read to her in her native language and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Victoria Bonilla, Esq.
Attorney for Defendant

Date: 12/2/12

12